MORRIS v. VILLAGE OF SARATOGA SPRINGS.

(Supreme Court, Appellate Division, Third Department.   November 14, 1900.)

DEFECTIVE SIDEWALKS—NEGLIGENCE—TRIAL.

Where drippings from the eaves of a building formed a ridge of ice from one to three inches thick on the sidewalk, which remained 10 days before plaintiff slipped thereon and was injured, the question of negligence in the city's failure to remove the ice should have been submitted to the jury.

Appeal from trial term, Saratoga county.

Action by Susan S. Morris against the village of Saratoga Springs for damages for the alleged negligence of defendant.   From a judgment in favor of defendant, plaintiff appeals.   Reversed.

Argued before PARKER, P. J., and KELLOGG, EDWARDS, MERWIN, and SMITH, JJ.

Charles M. Davison, for appellant.

Joseph P. Brennan, for respondent.

EDWARDS, J.   On the evening of December 16, 1898, the plaintiff fell on ice which had formed on the sidewalk by the town hall, on the north side of Lake avenue, in Saratoga Springs, and sustained injuries in consequence of such fall.   There was a ridge of ice on the walk, from one to three inches in thickness, three feet from the building, and from this ridge the ice extended for two or three feet towards the curbstone.   This ice had been there for 10 days before the accident, during which time the temperature had been below the freezing point.   On the town hall there is a gutter, which runs nearly, if not entirely, the whole length of the south side of the roof, and a tin or galvanized iron conductor runs from the eaves to the sidewalk, and under the walk into the sewer.   There was a break in this conductor about half way up, so that the water would run out of the place where it had burst during warm weather, and freeze therein during cold weather; and this had been its condition for at least a year before the accident.   At the time of the accident the ice had formed in the conductor.   Cracks had existed in the cornice of the building for three or four years, and for that period water had dripped through these cracks and from the roof of the building upon the sidewalk.   The ice had formed by water dripping from the eaves and through the cornice of the building and freezing upon the sidewalk.   The general condition of the walk was bare.   There is no material distinction between the facts in this case and those in Thompson v. Village of Saratoga Springs, 22 App. Div. 186, 47 N. Y. Supp. 1032, and the rule there expressed should here be applied.   As there shown, a distinction exists between the facts in this case and those in which the courts have held, as matter of law, that reasonable care did not require municipalities to remove the obstructions of ice.   Within that authority, the question of the defendant's negligence and of the plaintiff's freedom from negligence should have been submitted to the jury, and for these reasons the judgment should be reversed, and a new trial granted, with costs to abide the event.   All concur.